■ In the Matter of FREEPORT RANDALL Co. et al., Respondents-Appellants, v ROBERT E. HERMAN, as State Rent Administrator of the Office of Rent Administration, New York State Division of Housing and Community Renewal, Appellant-Respondent. — Order and judgment, Supreme Court, New York County (Pecora, J.), entered April 2, 1981 in this CPLR article 78 proceeding, which directed the respondent State Rent Administrator to hold a hearing on the issue of comparability; upheld the constitutionality of subdivision b of section 9 of the Emergency Tenant Protection Act (ETPA) (L 1974, ch 576, § 4); upheld the resolution of the New York State Division of Housing and Community Renewal, which based its determination solely upon guidelines promulgated by the Nassau County Rent Guidelines Board; and directed the refund of rents already collected, unanimously modified, on the law, to strike the direction to remand for a hearing, and to vacate the stay granted by Special Term and otherwise affirmed, without costs. Petitioners are the owners of adjoining multiple dwellings in the Village of Freeport, New York. On November 19, 1979, based upon a finding of a vacancy rate of less than 5%, the Trustees of the Village of Freeport, pursuant to the ETPA, passed a resolution declaring a housing emergency, effective December 1, 1979. The Nassau County Rent Guidelines Board thereupon, on January 20, 1980, established guidelines for lease rentals and for fair-market rents for all apartments in the village subject to the ETPA. Those guidelines authorized a 7% increase above the initial legal regulated rent for a one-year lease renewal, 10% for a two-year lease renewal and 13% for a three-year renewal. The 13 tenants of petitioners involved in these proceedings filed timely applications for adjustments of their initial legal regulated rents, claiming they exceeded the fair-market rents. Subdivision b of section 9 of the ETPA directs that the division in rendering its determinations of such applications "shall be guided by such guidelines" and further directs that where the division has determined that the rent charged is in excess of the fair-market rent, it shall order a refund of any excess paid since January 1, 1974 or the date of the commencement of the tenancy, whichever is later. The division found, in these 13 instances, that the initial legal regulated rent exceeded the fair-market rent in varying amounts. It reduced the legal regulated rents and directed petitioners to refund, or credit against future rents, all rents collected in excess of the fair-market rent, retroactive to the commencement of the then current leases. Petitioners sought a judgment, pursuant to CPLR article 78, vacating these 13 orders and determinations and a declaratory judgment that subdivision b of section 9 of the ETPA and subdivision 1 of section 33 of the Emergency Tenant Protection Regulations (9 NYCRR 2502.3) promulgated thereunder are unconstitutional

on their face and as applied to petitioners. They stated that no hearings were held on the tenants' applications, although petitioners submitted comparable rents for other apartments in the area, but that the division first determined the monthly rent under the lease prior to the lease in effect on December 1, 1979, and then added the guideline rate increase (including a vacancy guideline where applicable). The rents fixed were then denominated the fair-market rents without reference to comparables. This they claim was arbitrary and capricious and a hearing should have been held to consider the evidence of comparable rents of similar apartments in the same area. The division correctly applied the formula set forth in subdivision b of section 9 of the ETPA for the determination of fair-market rents and refunds. It was mandated to "be guided by such guidelines" as were promulgated by the rent guidelines board. No provision is made in the section for a hearing such as requested by petitioners, nor is one necessary pursuant to the guidelines, which have a reasonable basis. "Comparables" were no part of those guidelines. Petitioners challenge the constitutionality of subdivision b of section 9 and subdivision 1 of section 33 of the Emergency Tenant Protection Regulations as contravening section 10 of article I of the United States Constitution prohibiting the impairment of contractual obligations, in that they permit the modification of leases entered into prior to the local effective date of the ETPA. However, even assuming the challenged sections worked such an impairment, the contract clause is not an absolute bar where, as here, the ETPA is a valid exercise of the police power of the State, providing a reasonable alternative for the protection and general welfare of its citizens, under a declared housing emergency. The Legislature has struck a balance between the public welfare and private interests. An impairment of contract may be constitutional if it is reasonable and necessary to serve an important and legitimate purpose for the general welfare *(Farrell v Drew,* 19 NY2d 486, 493). It does not matter that legislation appropriate to that end has the result of modifying or abrogating contracts already in effect *(Home Bldg. & Loan Assn. v Blaisdell,* 290 US 398, 453). As concerns the reserve power of a State, we must respect the Legislature's wide discretion in determining what is and what is not necessary *(East N. Y. Bank v Hahn, 326 US 230, 232-233).* Concur — Sullivan, J.P., Carro, Silverman and Bloom, JJ.